1  LAWRENCE G. TOWNSEND (SBN 88184)
   LAW OFFICES OF LAWRENCE G. TOWNSEND
2  455 Market Street, 19th Floor
   San Francisco, California 94105
3  Telephone: (415) 882-3288
   Facsimile:  (415) 882-3299
4
   Attorneys for Defendant, Counterclaimant and
5  Third-Party Plaintiff FLOWBEE INTERNATIONAL, INC.

6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10 ROBOCUT, INC., a Colorado corporation,    ) Case No. C 04 0979 MEJ
                                             )
11                      Plaintiff,           ) **ANSWER AND COUNTERCLAIM FOR
                                             ) INJUNCTIVE RELIEF AND DAMAGES
12       vs.                                 ) FOR FEDERAL TRADEMARK
                                             ) INFRINGEMENT, FALSE
13 FLOWBEE INTERNATIONAL, INC., a            ) DESIGNATION OF ORIGIN, CYBER-
   California corporation,                   ) PIRACY; DILUTION; COMMON LAW
14                                           ) TRADEMARK INFRINGEMENT,
                        Defendant.           ) CALIFORNIA STATUTORY UNFAIR
15 _____) COMPETITION, AND COMMON LAW
                                             ) UNFAIR COMPETITION**
16 FLOWBEE INTERNATIONAL, INC., a            )
   California corporation,                   ) **DEMAND FOR JURY TRIAL**
17                                           )
      Counterclaimant and Third-Party Plaintiff, )
18                                           )
         vs.                                 )
19                                           )
   ROBOCUT, INC., a Colorado corporation,    )
20                                           )
      Counterdefendant                       )
21                                           )
   and                                       )
22                                           )
   ALFRED NATRASEVCHI,                       )
23                                           )
      Third-Party Defendant.                 )
24 _____)

25

26  ///

27  ///

28
                                        1

EXHIBIT B

## ANSWER

Defendant Flowbee International, Inc. hereby answers the complaint as follows:

### PARTIES

1. Answering the allegations of paragraph 1 of the Complaint, Defendant admits that Plaintiff markets its products over the Internet through a business relationship with Google. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the rest of the said paragraph, and on that basis denies each and every such allegation.

2. Answering the allegations of paragraph 2 of the Complaint, Defendant admits that it is a California corporation and that it sells its vacuum haircutting devices over the Internet and through third party distributors under a patent that was issued in 1987.

### JURISDICTION AND VENUE

3. Answering the allegations of paragraph 3 of the Complaint, Defendant admits that Plaintiff purports to bring its claims and to establish jurisdiction under the statute cited therein. Defendant denies each and every other remaining allegation in the said paragraph.

4. Answering the allegations of paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to establish personal jurisdiction pursuant to the reasons cited therein. Defendant denies each and every other remaining allegation in the same paragraph.

5. Answering the allegations of paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to establish venue in the Northern District. Defendant denies each and every other remaining allegation in the said paragraph.

6. Answering the allegations of paragraph 6 of the Complaint, Defendant admits that Plaintiff purports to establish intradistrict assignment in San Francisco. Defendant denies each and every other remaining allegation in the said paragraph.

7. Answering the allegations of paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the said paragraph, and on that basis denies each and every such allegation.

8. Answering the allegations of paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the said paragraph, and on that basis denies each and every such allegation.

9. Answering the allegations of paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the said paragraph, and on that basis denies each and every such allegation

10. Answering the allegations of paragraph 10 of the Complaint, Defendant admits that Robocut produces a rotary blade haircutter and that Flowbee produces a vibrating blade haircutter. As to the remaining allegations of the paragraph, Defendant denies each and every allegation.

11. Answering the allegations of paragraph 9 of the Complaint, Defendant admits that Rick Hunts was a customer and that later he founded Flowbee and introduced the Flowbee product.

12. Answering the allegations of paragraph 12 of the Complaint, Defendant denies that Flowbee is limited in the way it can cut hair; as to the remaining allegations of the paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

13. Answering the allegations of paragraph 13 of the Complaint, Defendant admits that Plaintiff put a product comparison on its Web page; as to the remaining allegations of the paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

14. Answering the allegations of paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

15. Answering the allegations of paragraph 15 of the Complaint, Defendant admits that it sells its product at the website wwww.flowbee.com and that, in response to Plaintiff's actions, that it listed "robocut" as a metatag for two days; however, it never published or

1  republished the its site with the latter metatag.

2  16. Answering the allegations of paragraph 16 of the Complaint, Defendant admits that the described letters are attached to the Complaint, but as to the remaining allegations and Plaintiff's characterization of the document(s), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

17. Answering the allegations of paragraph 17 of the Complaint, Defendant admits that the described letter is attached to the Complaint, but as to the remaining allegations and Plaintiff's characterization of the document(s), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

18. Answering the allegations of paragraph 18 of the Complaint, Defendant admits that it has taken the position that Plaintiff has infringed by reason of the caches containing the infringing metatags and that Plaintiff has infringed by bidding on adwords containing its distinctive mark FLOWBEE, but as to the remaining allegations and Plaintiff's characterization of Defendant's position, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on such grounds, denies each and every allegation.

19. Defendant admits the allegations of paragraph 19 of the Complaint that it has made demands on Plaintiff's ISPs and to Network Solutions relative to the infringement of the FLOWBEE mark.

20. Answering the allegations of paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every such allegation.

21. Answering the allegations of paragraph 21 of the Complaint, Defendant repeats and realleges its answers to paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

4

Answer and Counterclaim For Injunctive Relief, etc.; Demand For Jury Trial; Case No. C 04 0979 MEJ

1  23. Answering the allegations of paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

3  24. Answering the allegations of paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

5  25. Answering the allegations of paragraph 25 of the Complaint, Defendant repeats and realleges its answers to paragraphs 1 through 20, inclusive, as though fully set forth herein.

7  26. Defendant admits the allegations of paragraph 26 of the Complaint.

8  27. Answering the allegations of paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

10  28. Answering the allegations of paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

12  29. Answering the allegations of paragraph 29 of the Complaint, Defendant repeats and realleges its answers to paragraphs 1 through 20, inclusive, as though fully set forth herein.

14  30. Defendant admits the allegations of paragraph 30 of the Complaint.

15  31. Answering the allegations of paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

17  32. Answering the allegations of paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

19  33. Answering the allegations of paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

### PRAYER FOR JUDGMENT

34. Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Judgment.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

35. The Complaint, and each claim therein, fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

36. Plaintiff is guilty of unclean hands.

WHEREFORE, Defendant, Flowbee International, Inc. prays for a judgment and order as follows:

A. Dismissing with prejudice the entirety of Plaintiff's complaint and each of the causes of action stated therein and ordering that Plaintiff take nothing by its Complaint;

B. Awarding Defendant, Flowbee International, Inc. its damages, costs, investigative expenses and attorneys' fees in defending this Complaint; and

C. Awarding Defendant such other and further relief, including the relief sought in the following Counterclaim, and such relief as the Court may determine to be just and proper under the circumstances.

## COUNTERCLAIM

Defendant, Counterclaimant and third party plaintiff Flowbee ("Counterclaimant") hereby complains of the Plaintiff and Counterdefendant Robocut, Inc. and third party defendant Alfred Natrasevschi as follows:

Counterclaimant alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction of the subject matter of each of the claims herein as follows:

2. Trademark infringement under 15 U.S.C. Section 1051, dilution, cyber-piracy and false designation of origin and false description or representation in violation of 15 U.S.C. Section 1125(a), (c) and (d), with original jurisdiction vested in this Court by virtue of 28 U.S.C. Sections 1331 and 1338.

3. Statutory unfair competition arising under California Business and Professions Code Section 17200 *et seq.*, with supplemental jurisdiction vested in this Court by virtue of 28 U.S.C. Sections 1338(b) and 1367.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 because a substantial part of the unfair competition and trademark infringement complained of herein has occurred and is occurring in this judicial district.

## INTRADISTRICT ASSIGNMENT

5. Intradistrict assignment to the San Francisco Division is appropriate under Civil Local Rule 3-2(d) because a substantial part of the act comprising the unfair competition complained of herein has occurred in the San Francisco Division.

## PRELIMINARY ALLEGATIONS

6. Counterclaimant FLOWBEE INTERNATIONAL is a California corporation, with its principal place of business in Corpus Christi, Texas, and is in the business of selling its vacuum haircutting products.

7. Counterclaimant is informed and believes that Counterdefendant ROBOCUT, INC. is a Colorado corporation, organized as a corporation organized and existing under the laws of Colorado, and is also in the business of selling vacuum haircutting products.

8. Third-party defendant Alfred NATRASEVSCHI is the principal, founder and president of Robocut, Inc. and is a resident of Fort Collins, Colorado. All of the complained-of acts by ROBOCUT were at the direction and under the control of NATRASEVSCHI, who is directly, contributorily and vicariously liable for said acts.

9. Since 1987, Counterclaimant adopted the mark FLOWBEE as both its trade name and as the trademark identifying its vacuum haircutting products ("the Mark"). The Mark is registered in the United States Patent and Trademark Office (No. 1,489,925) and has become incontestable pursuant to 15 U.S.C. Section 1065.

10. In mid-February 2004, Counterclaimant discovered that Counterdefendant ROBOCUT, INC. was luring customers to its competitive Web site, promoting its competitive vacuum haircutting products by using the Mark in its metatags, buying "flowbee" as a keyword from search engines, which produced a link to Counterdefendant's site when conducting a search

of the Mark on an Internet search engine, and on Counterdefendant's Web sites in a manner designed to confuse and deceive, and which was likely to confuse and deceive customers or visitors into believing that Counterdefendant's products derived from the same source as Counterclaimant's products, or were sponsored by or affiliated with Counterclaimant.

11. Counterdefendant ROBOCUT has used and/or is currently using the Mark without Counterclaimant's permission on various Web sites, wherein such Web sites include www.RoboCut.com, www.888haircut.com, www.haircut.com, and www.betterthanflowbee.com, wherein these Web sites are collectively referred to herein as the "Sites."

12. Counterdefendant ROBOCUT has used the Mark, without Counterclaimant's permission, in metatags, caches, and other Web site link indicators, including repeated and gratuitous uses of the Mark designed to attract web searches, wherein such indicators direct a user to Counterdefendant's Sites, wherein the Sites, either individually or collectively advertise Counterdefendant's products and/or misrepresent Counterclaimant's products.

13. Knowing that consumers searching for Counterclaimant may not know Counterclaimant's corporate name or web address, Counterdefendant has purchased as an "adword" or "keyword" the term "flowbee" (not a dictionary word) from search engines such as Google, Yahoo and Overture in order to drive traffic to the Sites. Once visitors arrive at the Sites, they are persuaded to purchase Counterdefendant's competing product by means of advertisements and a product comparison that concludes that Counterdefenandant's product is superior and Counterclaimant's product is inferior.

14. Counterdefendant's www.betterthanflowbee.com Web site lists a Flowbee® link, wherein such link misappropriates the Mark as the link sends a user to a page advertising Counterdefendant's goods. Furthermore, Counterdefendant has filed a certificate of assumed or trade name in Colorado doing business as "Betterthanflowbee.com."

15. Counterdefendant's www.haircut.com Web site, lists or has listed a link comparing Counterclaimant's Flowbee® products with Counterdefendant's products, wherein such comparison contains false and/or misleading information.

8

16. Counterclaimant, through its counsel, has mailed to Counterdefendant's legal representative a cease and desist letter dated March 4, 2004, notifying Counterdefendant that its use of the Mark on Counterdefendant's Sites constitutes trademark infringement, false advertising, and unfair and deceptive trade practices.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT

17. Paragraphs 1-16 are incorporated by reference as though set forth in their entirety herein.

18. Pursuant to 15 U.S.C. §§ 1115(b) and 1065, Counterclaimant's U.S. federal registration of the Mark and Counterclaimant's use of the Mark for 5 consecutive years after registration of the Mark in combination with Counterclaimant's continued and present use of the Mark, serves as conclusive evidence of the validity of the registered mark and of the registration of the Mark, of Counterclaimant's ownership of the Mark, and of Counterclaimant's exclusive right to use the registered mark in commerce.

19. In violation of 15 U.S.C. § 1114, Counterdefendant, without Counterclaimant's authorization, has used and is currently using the federally registered Mark on Counterdefendant's Sites, wherein such use constitutes a use in commerce. Additionally, the Mark is being used in connection with the sale, offering for sale, distribution, or advertising of Counterdefendant's goods wherein such use is likely to cause confusion, or to cause mistake, or to deceive. Such use has been committed by the Counterdefendant with Counterdefendant's knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive. In addition to the foregoing, Counterdefendant has sold its own product under the mark FLOWBEE DELUXE.

20. Counterdefendant's unauthorized use of the Mark constitutes trademark infringement. Counterdefendant's use of the Mark on its Web pages in metatags, caches, and other link site indicators direct a user to pages designed to sell Counterdefendant's goods and/or to misrepresent Counterclaimant's goods. Such use of the Mark by Counterdefendant constitutes

a misappropriation of Counterclaimant's goodwill in the Mark, wherein Counterdefendant is knowingly using the goodwill established in the Mark to sell Counterdefendant's own goods.

21.   Counterdefendant's act of trademark infringement has caused and is causing great and irreparable injury to Counterclaimant and to the Mark and goodwill represented thereby, in an amount that cannot be ascertained at this time. Unless this infringement is restrained, Counterdefendant's use will cause further irreparable injury leaving Counterclaimant with no adequate remedy at law.

22.   By reason of the foregoing, Counterclaimant is entitled to injunctive relief against Counterdefendant, restraining further action and infringement, and to Counterdefendant's profits and to Counterclaimant's damages proven to have been caused by reason of Counterdefendant's infringement of the Mark. Additionally, Counterclaimant is entitled to the costs of the action including attorneys' fees.

## SECOND CLAIM FOR RELIEF

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

23.   Paragraphs 1-22 are incorporated by reference as though set forth in their entirety herein.

24.   Counterdefendant's unauthorized sale of Counterclaimant's goods under the Mark alongside the sale of Counterdefendant's products has a tendency to deceive or confuse customers into believing that Counterdefendant's products are affiliated with Counterclaimant, is sponsored or approved by Counterclaimant, or is otherwise associated with or authorized by Counterclaimant. Additionally, by engaging in the activities described herein, Counterdefendant has made, and is making, false, deceptive and misleading statements constituting unfair competition, false representations, false designation of origin, and false advertising made in connection with services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(A). Such conduct on the part of Counterdefendant is willful intent on the part of the Counterdefendant to trade on the Counterclaimant's reputation.

25.   Counterdefendant has willfully used false of misleading descriptions of fact

1  and/or false or misleading representations of fact in characterizing Counterclaimant's goods on
2  Counterdefendant's Sites; thereby misrepresenting the nature, characteristics, and/or qualities of
3  Counterclaimant's goods in violation of 15 U.S.C. § 1125(a)(1)(B).
4     26.  Counterdefendant's acts of unfair competition and false advertising have caused
5  and are causing great and irreparable injury to Counterclaimant and to the services and goodwill
6  represented thereby, in an amount that cannot be ascertained at this time, and, unless restrained,
7  will cause further irreparable injury, leaving Counterclaimant with no adequate remedy at law.
8     27. By reason of the foregoing, Counterclaimant is entitled to injunctive relief against
9  Counterdefendant, restraining further acts of unfair competition, false designation of origin, and
10 false advertising, and to recover attorneys' fees and any damages proven to have been caused by
11 reason of Counterdefendant's aforesaid acts of unfair competition and false designation of origin.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

14    28.  Paragraphs 1-27 are incorporated by reference as though set forth in their entirety
15 herein.
16    29.  Counterdefendant advertises its line of hair trimmer products in association with
17 the Mark and in association with Counterclaimant's hair trimmer products, wherein such
18 comparative advertising improperly characterizes Counterclaimant's products. Notably,
19 Counterdefendant states that Counterclaimant's will not cut 1/4" long; that Counterclaimant's
20 product cannot cut hair as long as Robocut; that Flowbee does not sell a complete package
21 Flowbee with vacuum; and that laboratory test results show Flowbee tests at 35.89 mGauss
22 Magnetic Field, although no such tests are identified.
23    30.  Counterdefendant' advertising practices constitute false or misleading statements
24 of fact in the commercial advertisement of a product.
25    31.  By engaging in the activities described above, Counterdefendant has made and is
26 making false, deceptive and misleading statements constituting unfair competition, false
27 representations, and false advertising made in connection with services distributed in interstate

1. commerce in violation of 15 U.S.C. § 1125(a).

2. 32. Counterdefendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Counterclaimant and to its Mark and to the products and goodwill represented thereby in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Counterclaimant with no adequate remedy at law.

33. By reason of the foregoing, Counterclaimant is entitled to injunctive relief against Counterdefendant, restraining further acts of unfair competition and false advertising, and to recover attorneys' fees and any damages proven to have been caused by reason of Counterdefendant's aforesaid acts of unfair competition and false advertising.

## FOURTH CLAIM FOR RELIEF
## FEDERAL CYBER-PIRACY 15 U.S.C. § 1125(d)

34. Paragraphs 1-33 are incorporated by reference as though set forth in their entirety herein.

35. Counterdefendant has registered, used and otherwise trafficked in the domain name www.betterthanflowbee.com, which contains the Mark and is confusingly similar to the Mark.

36. Counterdefendant, by intentionally choosing to use the Mark for their infringing domain name, with knowledge that the Mark is registered to Counterclaimant and with intent to profit by the strength and recognition of the FLOWBEE mark, have acted in bad faith, with malice, and with a knowing intention to infringe upon the Mark and name in order to deceptively lure consumers to Counterdefendant's infringing website to the products and goodwill represented thereby, in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury, leaving Counterclaimant with no adequate remedy at law.

37. By reason of the foregoing, Counterclaimant is entitled to injunctive relief against Counterdefendant, restraining further acts of unfair competition, false designation of origin, false advertising, and infringement and to recover attorneys' fees and any damages, including

12

1  statutory damages at the election of Counterdefendant, proven to have been caused by reason of
2  Counterdefendant's aforesaid act of infringement.

### FIFTH CLAIM FOR RELIEF
### DILUTION UNDER 15 U.S.C. § 1125(c)

38. Paragraphs 1-37 are incorporated by reference as though set forth in their entirety herein.

39. The Mark is famous. That is, the Mark has a high degree of distinctiveness, the Mark has been used in interstate commerce for over 15 years, the Mark has been advertised and is well-known by the public, the Mark is used throughout the U.S. in a wide variety of channels of trade, the Mark has a wide degree of recognition in its respective trading areas and channels of trade, and the Mark is registered with the U.S. Patent & Trademark Office. Counterdefendant's use of the Mark began after the Mark had become famous and Counterdefendant's use as described hereinabove has caused dilution of the distinctive quality of the Mark. Such dilution of the Mark was willful on the part of Counterdefendant.

40. Counterdefendant's act of dilution has caused and is causing great and irreparable injury to Counterclaimant and to the products and goodwill represented thereby, in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury, leaving Counterclaimant with no adequate remedy at law.

41. By reason of the foregoing, Counterclaimant is entitled to injunctive relief against Counterdefendant, restraining further acts of unfair competition, false designation of origin, false advertising, and dilution and to recover attorneys' fees and any damages proven to have been caused by reason of Counterdefendant's aforesaid act of dilution.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

42. Counterclaimant incorporates the allegations and averments of paragraphs 1 through 41 above, as though fully set forth herein.

43. Counterdefendant has infringed the Mark by its acts as herein above alleged,

including the operation of its Web site. Said use of the Mark is without permission or authority of Counterclaimant and said use by Counterdefendant is likely to cause confusion, to cause mistake, and to deceive.

44. Counterdefendant's acts of trademark infringement and unfair competition have been committed with intent to cause confusion, mistake, and to deceive.

45. Counterclaimant has been damaged in an amount to be proven at trial, and Counterclaimant is entitled to an accounting of Counterdefendant's profits as well as enhanced remedies as provided by law for Counterdefendant's willful conduct.

46. By engaging in the conduct as herein above alleged, Counterdefendant has acted willfully, maliciously, oppressively and fraudulently, and Counterclaimant is therefore entitled to punitive damages in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
### [California Bus. and Prof. Code § 17200 et seq.]

47. Counterclaimant incorporates the allegations and averments of paragraphs 1 through 46 above, as though fully set forth herein.

48. Counterdefendant's activities complained of herein constitute unfair, deceptive and unlawful practices in violation of California Business and Professions Code Section 17200 *et seq.* to the injury of Counterclaimant and the public.

49. The conduct of Counterdefendant as alleged herein will, unless restrained, damage Counterclaimant in an amount to be determined at trial and cause irreparable harm including the serious impairment of the value of the Mark. Counterclaimant has invested years of time, money and effort developing the goodwill and brand recognition of the Mark; Counterdefendant, by the above conduct, has sought to siphon off that goodwill and unjustly enrich itself by trading on the goodwill and brand recognition of the Mark, FLOWBEE. Counterclaimant is entitled to receive from Counterdefendant any money it has received or acquired as a result of its unfair competition.

50. Counterclaimant has been damaged in an amount to be proven at trial, and Counterclaimant is entitled to an accounting of Counterdefendant's profits as well as enhanced remedies as provided by law for Counterdefendant's willful conduct.

## EIGHTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

51. Counterclaimant incorporates the allegations and averments of paragraphs 1 through 50 above, as though fully set forth herein.

52. Counterdefendant's activities complained of herein constitutes unfair and unlawful practices in violation of the common law of the State of California to the injury of Counterclaimant and the public.

53. The conduct of Counterdefendant as alleged herein will, unless restrained, damage Counterclaimant in an amount to be determined at trial and will cause irreparable harm, including the serious impairment of the value of the Mark. Counterclaimant has invested years of time, money and effort developing the goodwill and brand recognition of the Mark; Counterdefendant, by the above conduct, has sought to siphon off that goodwill and unjustly enrich itself by trading on the goodwill and brand recognition of the Mark, FLOWBEE.

54. Counterclaimant has been damaged in an amount to be proven at trial, and Counterclaimant is entitled to an accounting of Counterdefendant's profits as well as enhanced remedies as provided by law for Counterdefendant's willful conduct.

55. By engaging in the conduct as herein above alleged, Counterdefendant has acted willfully, maliciously, oppressively and fraudulently, and Counterclaimant is therefore entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant respectfully requests:

1. That Counterdefendant and Third Party Defendant (collectively "Counterdefendant"), its agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with

1  Counterdefendant be permanently enjoined and restrained:
2       A.   From using in any manner the Mark or any colorable imitation of the
3  Mark, or anything confusingly similar thereto or likely to cause dilution of the distinctiveness of
4  the Mark or injury to Counterclaimant's business reputation, to identify Counterclaimant's goods
5  or in connection with advertising or promotion of Counterclaimant's goods; wherein
6       1)   From making unauthorized uses of the Mark, wherein such use
7  includes the use in metatags, caches, and other Web site location identifiers, links on
8  Counterdefendant's Web sites wherein such sites are those currently known, and extends to those
9  unknown, wherein such links use the Mark to direct a user to Counterdefendant's products.
10      2)   From publishing or distributing comparative advertisements
11 between Counterdefendant's products and Counterclaimant's products sold under the Mark
12 Flowbee®, wherein such comparative advertisements misrepresent Counterclaimant's products.
13      B.   From representing by any means whatsoever, directly or indirectly, that
14 Counterdefendant, or any products or services offered by Counterdefendant, are associated in any
15 way with Counterclaimant or its products or services and from otherwise taking any action likely
16 to cause confusion, mistake or deception on the part of consumers;
17      C.   From doing any other acts calculated or likely to cause confusion or
18 mistake in the mind of the public or to lead consumers to believe that Counterclaimant's products
19 or services come from or are the products or services of Counterdefendant, or somehow
20 sponsored, underwritten by, or affiliated with Counterdefendant and from otherwise unfairly
21 competing with Counterclaimant or misappropriating that which rightfully belongs to
22 Counterclaimant; and
23      D.   From including false or deceptive statements of fact in its advertisements
24 regarding Counterclaimant's products;
25   2.   That Counterdefendant, its agents, servants, employees, representatives, attorneys,
26 subsidiaries, related companies, successors, assigns and all others in active concert or
27 participation with Counterdefendant, take affirmative steps to dispel such false impressions that
28

1   heretofore have been created by Counterdefendant's use of the Mark.

2      3.   That Counterdefendant account to Counterclaimant for Counterdefendant's profits arising from the foregoing acts of dilution, infringement, false advertising, false designation of origin, and unfair competition.

   4.   That pursuant to 15 U.S.C. § 1117(a), Counterclaimant be awarded for three times the greater of:

      A.   Counterclaimant's damages, in an amount to be determined at trial; and

      B.   Counterdefendant's profits, in accounting demanded in the preceding paragraph.

   5.   That pursuant to U.S.C. § 1125(d), Counterclaimant be awarded damages and profits or, at its election, statutory damages of $100,000.

   6.   That Counterclaimant have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1125(d).

   7.   That Counterclaimant be awarded punitive damages as authorized under California law in view of Counterdefendant's intentional and willful infringement of The Mark.

   8.   That Counterclaimant have such other and further relief as the Court may deem just and proper.

Dated: April 15, 2004          LAW OFFICES OF LAWRENCE G. TOWNSEND

By:    /s/ Lawrence G. Townsend
         Lawrence G. Townsend
Attorneys for Defendant, Counterclaimant
and Third-Party Plaintiff
FLOWBEE INTERNATIONAL, INC.

///
///
///

## DEMAND FOR JURY TRIAL

Counterclaimant demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 15, 2004

LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____/s/ Lawrence G. Townsend_____
Lawrence G. Townsend
Attorneys for Defendant, Counterclaimant
and Third-Party Plaintiff
FLOWBEE INTERNATIONAL, INC.

S:\LGT-TENA\Flowbee\Pleadings\Answer-CounterClaim.wpd