1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Margret M. Caruso (Bar No. 243473)
2     margretcaruso@quinnemanuel.com
      Cheryl A. Galvin (Bar No. 252262)
3     cherylgalvin@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
4   Redwood Shores, California  94065-2139
    Telephone:    (650) 801-5000
5   Facsimile:    (650) 801-5100

6   Attorneys for Google Inc.

7

8                        UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  FLOWBEE INTERNATIONAL, INC. and          CIVIL ACTION:   CASE NO. 4:10-cv-00668-
    FLOWBEE HAIRCUTTER LIMITED               LB
12  PARTNERSHIP,
                                             **ANSWER TO PLAINTIFFS' COMPLAINT
13              Plaintiffs and Counter-      AND AFFIRMATIVE DEFENSES AND
                Defendants,                  COUNTERCLAIM AGAINST FLOWBEE
14                                           INTERNATIONAL, INC AND FLOWBEE
          vs.                                HAIRCUTTER LIMITED PARTNERSHIP
15                                           FOR BREACH OF CONTRACT**
    GOOGLE, INC.,
16                                           DEMAND FOR JURY TRIAL
                Defendant and Counter-
17              Complainant.                 Trial Date:

18

19

20

21

22

23

24

25

26

27

28

                                                          Case No. 4:10-cv-00668-LB
    ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
                            AGAINST FLOWBEE INTERNATIONAL. INC et al

                                                              Dockets.Justia.com

Defendant Google Inc. ("Google"), through its counsel, answers the Complaint of Flowbee International, Inc. ("Flowbee Int'l") and Flowbee Haircutter Limited Partnership ("Flowbee L.P."), (collectively "Flowbee") as set forth below, and hereby bring a counterclaim against Flowbee.   Unless specifically admitted, Google denies each of the allegations of Flowbee's Complaint.

## NATURE OF THE ACTION

1.       Google admits that Plaintiffs purport to state claims related to the use of trademarks on the Internet, that the fundamental purpose of trademark law, in the bricks-and-mortar world and on the Internet, is to protect consumers from being confused as to the source or affiliation of the products or services that they seek to buy, that many companies differentiate their products and services within the marketplace, and that trademark law applies on the Internet.   Google denies the remaining allegations of Paragraph 1, including that it has made any unlawful use of Flowbee's alleged trademarks and similar marks.

2.       Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first three sentences of Paragraph 2, and therefore denies the same. Google denies the remaining allegations of Paragraph 2.

3.       Google admits that it owns and operates one of the world's most utilized Internet search engines, that a search engine allows computer users to search the World Wide Web for websites containing particular content, and that Google's search engine is available on its own website, [www.google.com](www.google.com), and powers other websites' search functions.   Google denies the remaining allegations of Paragraph 3.

4.       Google admits that to use its search engine, a web user must enter a search query to receive a list of links to web pages that Google's search algorithm identifies as relevant to the search query, that web users may then click on the provided links to view the associated websites, and that Google displays search results that are the product of an objective algorithm, which is not influenced by payments to Google from the website owners.   Google denies the remaining allegations of Paragraph 4.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

1   5.      Google admits that it allows third parties to bid on keywords that may trigger

2   display of their advertisements as Sponsored Links.   Google denies the remaining allegations of

3   Paragraph 5.

4   6.      Google denies the allegations of the fourth sentence of Paragraph 6 and denies the

5   implication that it allows "the misuse of the Flowbee Mark."   Google admits that it currently has

6   a different trademark policy in Europe than in the United States.   Google lacks knowledge or

7   information sufficient to form a belief as to the truth or falsity of the remaining allegations, and

8   therefore denies the same.

9                                **THE PARTIES**

10   7.      Google lacks knowledge or information sufficient to form a belief as to the truth or

11   falsity of the allegations of Paragraph 7, and therefore denies the same.

12   8.      Google lacks knowledge or information sufficient to form a belief as to the truth or

13   falsity of the allegations of Paragraph 8, and therefore denies the same.

14   9.      Google admits that it is a corporation organized under the laws of the State of

15   Delaware with a principal place of business in Mountain View, California and the last sentence of

16   Paragraph 9.   Google denies the remaining allegations of Paragraph 9.

17                          **JURISDICTION AND VENUE**

18   10.     Google admits that in this action Rosetta Stone attempts to assert claims under the

19   Lanham Act, 15 U.S.C. §§ 1114 and 1125, that this Court has federal question jurisdiction over

20   such claims and supplemental jurisdiction over the Texas state law claims, but Google denies the

21   substance of all alleged claims.

22   11.     Because this action has been transferred since the Complaint was filed, Google

23   denies that the allegations of Paragraph 11 need to be responded to, and on that basis denies them.

24   12.     Google denies that venue is proper in Texas on the grounds of a forum selection

25   clause in a contract it has with Flowbee, but admits that venue is proper in this District, where its

26   principal place of business is located.

27

28

13.     Google denies that venue is proper in Texas on the grounds of a forum selection clause in a contract it has with Flowbee, but admits that venue is proper in this District, where its principal place of business is located.

**FACTUAL BACKGROUND**

14.     Google does not dispute the description of the Internet in Paragraph 14 is accurate, except that it denies knowledge of a "Macintosh Safari" browser program and denies the allegations of the last sentence to the extent "functionally" means anything other than "connects to the same website."

15.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies the same.

16.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies the same.

17.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and therefore denies the same.

18.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies the same.

19.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and therefore denies the same.

20.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore denies the same.

21.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and therefore denies the same.

22.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, and therefore denies the same.

23.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23, and therefore denies the same.

24.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and therefore denies the same.

25.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and therefore denies the same.

26.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and therefore denies the same.

27.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and therefore denies the same.

28.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, and therefore denies the same.

29.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29, and therefore denies the same.

30.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30, and therefore denies the same.

31.     Google admits that many web users may use a search engine to locate a domain name or website address and that its search engine applies a formula, or algorithm, to display links to websites that may relate to the customer's search query.   Google lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31, and therefore denies the same.

32.     Google admits that the "natural" or "organic" results of its search engine are determined by an objective system, including the patented PageRank algorithm, and admits the description of the PageRank algorithm.

33.     To the extent Google understands the allegations of Paragraph 33, it admits them.

34.     Google admits that it profits from advertising relevant to search queries.   Google denies the remaining allegations of Paragraph 34.

35.     Google admits that advertisements, labeled "Sponsored Links," may be displayed to the right of and above "organic" search results.   Google denies the remaining allegations of Paragraph 35.

36.     Google denies all of the allegations of Paragraph 36.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

37.     Google admits that searchers for "flowbe.com" are shown the question, above any results, "Did you mean: ***flowbee.com,***" followed by a natural listing for the searched for site "flowbe.com."   Google denies the remaining allegations of Paragraph 37.

38.     Google denies the allegations of Paragraph 38.

39.     Google admits that advertisers bid on the placement of their advertisements, and the amount of such bids is one factor that may determine placement of the advertisement.   Google denies the remaining allegations of Paragraph 39.

40.     Google denies all of the allegations of Paragraph 40.

41.     Google denies all of the allegations of Paragraph 41.

42.     Google denies all of the allegations of Paragraph 42.

43.     Google admits that Internet users may add a Google Toolbar on their Internet browsers to allow for Google searching even when not viewing a web page that features Google's search engine, and the allegations of the first two sentences of Paragraph 43.   Google denies the remaining allegations of Paragraph 43.

44.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44, and therefore denies the same.

45.     Google admits that it offers a program called AdWords through which it offers advertisers the opportunity to bid on keyword and have their advertisements displayed on the Internet, including on Google's search engine in the form of "Sponsored Links" that appear above or to the right of "organic" links.   Google denies the remaining allegations of Paragraph 45.

46.     Google admits that it has previously stated that "[k]eywords are the advertiser's window into the customer's thinking – the most important basis for directing an advertising message to precisely those people who want to see it."   *See*   "An in-depth exploration: why search advertising works," available at http://www.google.ca/ads/indepth.html (last accessed Feb. 11, 2010).Google also admits that it has previously stated that "[a] list of keywords is, in turn, a snapshot of the people who will use them – incomplete, to be sure, but also uncannily accurate in its ability to bring buyers and sellers together."   *See id.*   Google denies the remaining allegations of Paragraph 46.

47.     Google admits that many advertisers agree to pay Google for each time a web user clicks on a "Sponsored Link" that appears on Google's search results page.

48.     Google denies all of the allegations of Paragraph 48.

49.     Google admits that keywords selected by an advertiser may trigger advertisements in response to user search queries corresponding to keywords selected by an advertiser, and that sometimes advertisers choose to include keywords in the text or body of their advertisements. Google denies the remaining allegations of paragraph 49.

50.     Google admits that it has adopted a trademark policy and trademark complaint procedure and that Google takes allegations of trademark infringement seriously.   Google admits that its terms and conditions prohibit intellectual property infringement by its AdWords advertisers, which are responsible for selecting keywords and ad creatives that do not infringe others' intellectual property rights.   Google denies all remaining allegations of Paragraph 50.

51.     Google denies the allegations of Paragraph 51.

52.     Google admits that it could set different rules for its AdWords program, but denies that it makes "infringing use of proprietary marks," and denies all remaining allegations of Paragraph 52.

53.     Google denies all of the allegations of Paragraph 53.

54.     Google admits that its April 29, 2004 S-1 SEC filing reported that it "recently revised [its] trademark policy in the U.S. and Canada" and, as a result, it "no longer disable ads due to selection by our advertisers of trademarks as keyword triggers for the ads."   *See* Form S-1 Registration Statement, Google, Inc. (Apr. 29, 2004), *available at* http://www.sec.gov/Archives/edgar/data/1288776/000119312504073639/ds1.htm (last accessed Feb. 11, 2010).Google denies all remaining allegations of Paragraph 54.

55.     Google admits that it has the technical ability to stop advertisers from using certain non-descriptive keywords as AdWords triggers.   Google denies the remaining allegations of Paragraph 55.

56.     Google admits that the quoted language appeared in its 2004 S-1.   Google denies the remaining allegations of Paragraph 56.

57.     Google admits that the quoted language appeared in its 2004 S-1.   Google denies the remaining allegations of Paragraph 57.

58.     Google admits that its current policy for many countries other than the United States and Canada is that when it receives a complaint from a trademark owner it will investigate to ensure that the advertisements at issue are not using a term corresponding to the trademarked term in the ad text or as a keyword.   Google denies the remaining allegations of Paragraph 58.

59.     Google admits that it currently maintains guidelines for third party use of Google brand features, and that those guidelines currently include the language quoted in Paragraph 59. Google denies the remaining allegations of Paragraph 59, including the allegation that it does not treat the marks of other companies with respect.

60.     Google admits that Flowbee has not directly or indirectly given Google any permission, authority, or license to use or sell the right to use the Flowbee Mark for the promotion of the goods and services of any third parties, however Google denies the implication that Google needs Flowbee's permission, authority or license in connection with the operation of the AdWords Program or Google's organic search listings.

61.     Google denies all of the allegations of Paragraph 61.

62.     Google denies all of the allegations of Paragraph 62.

63.     Google denies all of the allegations of Paragraph 63.

64.     Google denies the implication that Google needs Flowbee's permission, authority or license in connection with the operation of the AdWords program, denies the implication that Google sells the right to use Flowbee's trademarks, and denies all the remaining allegations of Paragraph 64.

65.     Google admits that, in response to some search queries, it will display "Sponsored Links" alongside the natural search results.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 65, and therefore denies the same.

66.     Google admits that, in response to some search queries, "Sponsored Links" may be displayed to the right of and above the natural search results.   Google lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 66, and therefore denies the same.

67.     Google denies all of the allegations of Paragraph 67.

68.     Google denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the screen shot contained in Paragraph 68, and on the basis denies allegations relating to the same.   Google denies all of the remaining allegations of Paragraph 68.

69.     Google denies all of the allegations of Paragraph 69.

70.     Google denies all of the allegations of Paragraph 70.

71.     Google denies all of the allegations of Paragraph 71.

72.     Google denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the screen shot contained in Paragraph 72, and on the basis denies allegations relating to the same.   Google denies all of the remaining allegations of Paragraph 72.

73.     Google denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the screen shot contained in Paragraph 73, and on the basis denies allegations relating to the same.   Google denies all of the remaining allegations of Paragraph 73.

74.     Google admits that its AdWords program may identify "related keywords" to advertisers based on a term the advertiser enters, but Google denies the remaining allegations of Paragraph 74.

75.   Google denies the last two sentences of Paragraph 75.   Google denies knowledge or information sufficient to form a belief, at the present time, as to remaining allegations of Paragraph 75, and on that basis, denies them.

76.     Google denies all of the allegations of Paragraph 76.

77.     Google denies all of the allegations of Paragraph 77.

78.     Google denies all of the allegations of Paragraph 78.

79.     Google admits that it has other advertising programs in addition to the AdSense program that the word Flowbee may be used in.   Google denies the remaining allegations of Paragraph 79.

80.     Google denies all of the allegations of Paragraph 80.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

81.   Google admits that it charges advertisers a fee every time a web user clicks on a "Sponsored Link."

82.   Google denies all of the allegations of Paragraph 82.

83.   Google denies all of the allegations of Paragraph 83.

84.   Google denies all of the allegations of Paragraph 84.

85.   Google denies all of the allegations of Paragraph 85.

86.   Google denies all of the allegations of Paragraph 86.

87.   Google denies all of the allegations of Paragraph 87.

## FIRST CLAIM FOR RELIEF:
### TRADEMARK/SERVICE MARK INFRINGEMENT
### Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)

88.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

89.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89, and therefore denies the same.

90.   Google denies all of the allegations of Paragraph 90.

91.   Google denies all of the allegations of Paragraph 91.

92.   Google denies all of the allegations of Paragraph 92.

93.   Google denies all of the allegations of Paragraph 93.

94.   Google denies all of the allegations of Paragraph 94.

95.   Google denies all of the allegations of Paragraph 95.

96.   Google denies all of the allegations of Paragraph 96.

97.   Google denies all of the allegations of Paragraph 97.

## SECOND CLAIM FOR RELIEF:
### CONTRIBUTORY TRADEMARK/SERVICE MARK INFRINGEMENT
### Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)

98.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

99.   Google denies all of the allegations of Paragraph 99.

100.   Google denies all of the allegations of Paragraph 100.

101.   Google denies all of the allegations of Paragraph 101.

102.   Google denies all of the allegations of Paragraph 102.

103.   Google denies all of the allegations of Paragraph 103.

104.   Google denies all of the allegations of Paragraph 104.

105.   Google denies all of the allegations of Paragraph 105.

106.   Google denies all of the allegations of Paragraph 106.

107.   Google denies all of the allegations of Paragraph 107.

**THIRD CLAIM FOR RELIEF:**
**VICARIOUS TRADEMARK/SERVICE MARK INFRINGEMENT**
**Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)**

108.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

109.   Google admits that it has the ability to prevent certain uses of the alleged Flowbee Marks in connection with its advertising programs.   Google denies the remaining allegations of Paragraph 109.

110.   Google denies all of the allegations of Paragraph 110.

111.   Google denies all of the allegations of Paragraph 111.

112.   Google denies all of the allegations of Paragraph 112.

113.   Google denies all of the allegations of Paragraph 113.

114.   Google denies all of the allegations of Paragraph 114.

115.   Google denies all of the allegations of Paragraph 115.

116.   Google denies all of the allegations of Paragraph 116.

**FOURTH CLAIM FOR RELIEF:**
**FALSE REPRESENTATION UNDER THE LANHAM ACT**
**Lanham Act, 15 U.S.C. § 1125(a)**

117.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

118.   Google denies all of the allegations of Paragraph 118.

119.   Google denies all of the allegations of Paragraph 119

120.   Google denies all of the allegations of Paragraph 120.

.121.   Google denies all of the allegations of Paragraph 121.

122.   Google denies all of the allegations of Paragraph 122.

123.   Google denies all of the allegations of Paragraph 123.

124.   Google denies all of the allegations of Paragraph 124.

**FIFTH CLAIM FOR RELIEF:**
**TRADEMARK/SERVICE MARK DILUTION**
**Lanham Act, 15 U.S.C. § 1125(c)**

125.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

126.   Google denies the last sentence of Paragraph 126.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 126, and therefore denies the same.

127.   Google denies all of the allegations of Paragraph 127.

128.   Google denies all of the allegations of Paragraph 128.

129.   Google denies all of the allegations of Paragraph 129.

130.   Google denies all of the allegations of Paragraph 130.

131.   Google denies all of the allegations of Paragraph 131.

132.   Google denies all of the allegations of Paragraph 132.

133.   Google denies all of the allegations of Paragraph 133.

134.   Google denies all of the allegations of Paragraph 134.

**SIXTH CLAIM FOR RELIEF:**
**FOR TRADEMARK INFRINGEMENT UNDER TEXAS LAW**

135.   Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

136.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 136, and therefore denies the same.

137.   Google denies all of the allegations of Paragraph 137.

138.   Google denies all of the allegations of Paragraph 138.

139.   Google denies all of the allegations of Paragraph 139.

1    140.    Google denies all of the allegations of Paragraph 140.

2    **SEVENTH CLAIM FOR RELIEF:**
**TRADEMARK DILUTION UNDER TEXAS LAW**
3    **TEX. BUS. & COM. CODE § 16.29**

4    141.    Google incorporates its responses to each and every allegation contained above

5    with the same force and effect as if fully set forth herein.

6    142.    Google lacks knowledge or information sufficient to form a belief as to the truth or

7    falsity of first sentence of Paragraph 142, and therefore denies the same.

8    143.    Google denies all of the allegations of Paragraph 143.

9    144.    Google denies all of the allegations of Paragraph 144.

10    **EIGHTH CLAIM FOR RELIEF:**
**UNFAIR COMPETITION UNDER TEXAS LAW**
11

12    145.    Google incorporates its responses to each and every allegation contained above

13    with the same force and effect as if fully set forth herein.

14    146.    The allegations of Paragraph 146 constitute legal conclusions and Google therefore

15    denies them on those grounds.

16    147.    Google denies all of the allegations of Paragraph 147.

17    148.    Google denies all of the allegations of Paragraph 148.

18    149.    Google denies all of the allegations of Paragraph 149.

19    150.    Google denies all of the allegations of Paragraph 150.

20    **NINTH CLAIM FOR RELIEF:**
**MISAPPROPRIATION UNDER TEXAS LAW**

21    151.    Google incorporates its responses to each and every allegation contained above

22    with the same force and effect as if fully set forth herein.

23    152.    The allegations of Paragraph 152 constitute legal conclusions and Google therefore

24    denies them on those grounds.

25    153.    Google lacks knowledge or information sufficient to form a belief as to the truth or

26    falsity of first sentence of Paragraph 153, and therefore denies the same.

27    154.    Google denies all of the allegations of Paragraph 154.

28    155.    Google denies all of the allegations of Paragraph 155.

156.    Google denies all of the allegations of Paragraph 156.

157.    Google denies all of the allegations of Paragraph 157.

**TENTH CLAIM FOR RELIEF:**
**MONEY HAD AND RECEIVED**

158.    Google incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

159.    The allegations of Paragraph 159 constitute legal conclusions and Google therefore denies them on those grounds.

160.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of first sentence of Paragraph 160, and therefore denies the same.

161.    Google denies all of the allegations of Paragraph 161.

162.    Google denies all of the allegations of Paragraph 162.

163.    Google denies all of the allegations of Paragraph 163.

164.    Google denies all of the allegations of Paragraph 164.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Google denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

165.    The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

166.    The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**THIRD AFFIRMATIVE DEFENSE**

**(First Sale Doctrine)**

167.     The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Functionality)**

168.     The claims made in the Complaint are barred, in whole or in part, on the basis that any marks and use of marks at issue are functional.

**FIFTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

169.     The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

170.     The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

171.     Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Google's actions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

172.     The claims made in the Complaint are barred, in whole or in part, on the basis that prior actions based, in whole or in part, on the same allegations and underlying facts have already been adjudicated.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

173.    Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

174.    Defendant has not infringed any applicable trademarks under federal or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

175.    Plaintiff's claims against Google are barred because Plaintiff's damages, if any, were not caused by Google.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damage)

176.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

177.    Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

178.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Google's actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

179.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.   Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

15

Case No. 4:10-cv-00668-LB
ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

180.    The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

181.    The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

182.    Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Google or others for any alleged single wrong.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Fraud)**

183.    The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Third-Party Use)**

184.    The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Actions of Others)**

185.    The claims made in the Complaint are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

186.    Google alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**ADDITIONAL DEFENSES**

187.    Google reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Google prays for judgment as follows:

1.   That Rosetta Stone takes nothing by way of its Complaint;

2.   That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3.   That Google be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

1      4.   For such other and further relief as the Court deems just and proper.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**COUNTERCLAIM**

Defendant and Counterclaimant Google Inc. ("Google"), for its counterclaim against Plaintiffs and Counterdefendants Flowbee International, Inc. ("Flowbee Int'l") and Flowbee Haircutter Limited Partnership ("Flowbee L.P."), (collectively "Flowbee") state as follows:

**NATURE OF THE CASE**

1.      Google brings this action for breach of contract against Flowbee under California State Law.

2.      By originally   filing the instant action against Google in the United States District Court, Southern District of Texas, Flowbee breached the mandatory venue selection provision of a contract it entered with Google.   That contract required Flowbee to bring "all claims arising out of or relating to . . . Google's Program(s)" in "the federal or state courts of Santa Clara County, California, USA."   (See Exhibit A, attached.)   The United States District Court for the Southern District of Texas held that this contract was valid, enforceable and applied to Plaintiff's claims. *See Flowbee Int'l v. Google, Inc.*, Civil Action No. C-09-199 (S.D. Tex. Feb. 8, 2010) (attached as Exhibit B).

3.      As a result of Flowbee's breach of this contract, Google was forced to expend money and resources to seek the transfer of the instant action from the improper venue of the Southern District of Texas to the Northern District of California.   Google seeks recovery of these damages.

**PARTIES**

4.      On information and belief, Plaintiff and Counterdefendant Flowbee International, Inc. is a corporation organized under the laws of the state of Wyoming with its principal place of business in Corpus Christi, Texas.

5.      On information and belief, Plaintiff and Counterdefendant Flowbee Haircutter Limited Partnership is a limited partnership organized under the laws of the state of Texas with its principal place of business in Corpus Christi, Texas.

6.      Defendant and Counterclaimant Google Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business in Mountain View, California.

Case No. 4:10-cv-00668-LB

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**JURISDICTION AND VENUE**

7.     This action arises under the laws of the State of California.   This Court has supplemental jurisdiction over this California state law claim pursuant to 28 U.S.C. § 1367(a) because it is so closely related to the federal claims brought herein by Flowbee as to form part of the same case or controversy.

8.     Flowbee is subject to personal jurisdiction in the State of California because, on information and belief, Flowbee conducts business within the District and, in its agreement with Google that forms the basis for this claim, Flowbee specifically consented to personal jurisdiction in the federal or state courts of Santa Clara County, California.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim herein occurred in this district.

**FACTUAL BACKGROUND**

**The Agreement**

10.     In or around March 2004, Flowbee entered into an advertising contract with Google to participate in Google's advertising program.   Flowbee agreed to the terms of a revised contract on or around February 9, 2007 (the "Agreement") .   A true copy of the Agreement is attached hereto as Exhibit A.

11.     The Agreement contains a forum selection clause requiring that "ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS."

12.     The Agreement defines "Google Programs" as "Google's advertising program(s)." One of Google's advertising programs is the AdWords program, which permits third parties to bid on keywords that may trigger display of their advertisements as Sponsored Links alongside natural search results.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**Flowbee's Breach of the Agreement**

13.     On August 13, 2009, Flowbee filed suit against Google in the United States District Court for the Southern District of Texas, claiming direct, contributory, and vicarious trademark infringement, trademark dilution, and false representation under the Lanham Act, as well as state law claims.

14.     All of Flowbee's state and federal claims relate to Google's advertising programs. As such, the claims all fall within the scope of the forum selection clause in the Agreement, which requires such suits to be brought in the state and federal courts of Santa Clara County, California.

15.     Google brought a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1406(a) or § 1404(a).   After briefing and oral argument on the issue, the District Court for the Southern District of Texas granted Google's motion to transfer the case based on the forum selection clause.   *See Flowbee Int'l*, Civil Action No. C-09-199 at p. 18.

16.     The District Court for the Southern District of Texas held that the forum selection clause applied to Flowbee's claims because such claims "each relate to Google's advertising programs" and that the forum selection clause was mandatory and required the claims to be litigated exclusively in California state or federal court.   *See Flowbee Int'l*, Civil Action No. C-09-199 at p. 7.

17.     The District Court for the Southern District of Texas further held that the mandatory forum selection clause was valid and enforceable.   It explained that "[m]andatory forum-selection clauses that require all litigation to be conducted in a specific forum are enforceable if their language is clear" and that because "Plaintiff disputes only the scope of the forum selection clause, not its enforceability," the "forum selection clause is thus enforceable." *Flowbee Int'l*, Civil Action No. C-09-199 at p. 14.

**CAUSE OF ACTION**
**Breach of Contract**

18.     Google realleges and incorporates by reference paragraphs 1 through 17 of its Counterclaim.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

19.     The parties' Agreement includes a forum selection clause requiring all claims relating to Google's advertising programs to be brought in the federal or state courts of Santa Clara County, California.   *See Flowbee Int'l*, Civil Action No. C-09-199 at p. 2-3, 8.

20.     Google performed all obligations and conditions that it was required to perform under the Agreement.

21.     Flowbee breached the Agreement by filing the instant suit, which relates to Google's advertising programs, in the Southern District of Texas rather than a court in Santa Clara County, California.

22.     Google suffered damages as a proximate result of Flowbee's breach of the Agreement because it was forced to litigate the issue of improper venue and incurred attorneys' fees and costs related to that action in the District Court for the Southern District of Texas, including the filing, briefing, and oral argument for the motion to transfer the case to the Northern District of California.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Google requests that judgment be entered in its favor and against Flowbee as follows:

A.      Awarding Google all damages resulting from Flowbee's breach of the Contract, including all attorneys' fees and costs associated with its litigation in the Southern District of Texas.

B.      An Order granting Google such other and further relief as this Court may deem just and proper.

DATED: February 18, 2010                Respectfully submitted,

                                        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                        By _____/s/_____
                                              Margret M. Caruso
                                              Attorneys for Google Inc.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST FLOWBEE INTERNATIONAL. INC et al

1

**DEMAND FOR JURY TRIAL**

2

Google hereby demands a jury trial on all issues which can be heard by a jury.

3

4 DATED: February 18, 2010                    Respectfully submitted,

5                                             QUINN EMANUEL URQUHART OLIVER &
6                                             HEDGES, LLP

7

8                                             By_____/s/_____
9                                                Margret M. Caruso
                                                 Attorneys for Google Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2010, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

> David T. Bright
> Mikal C. Watts
> Christopher V. Goodpastor
> Watts Guerra Craft, L.L.P.
> Tower II Building
> 555 North Carancahua, Suite 1400
> Corpus Christi, Texas 78478-0801
> (361) 887-0500
> (361) 887-0055 (facsimile)
> *Counsel for Plaintiffs Flowbee International, Inc. and*
> *Flowbee Haircutter Limited Partnership.*

> By_____/s/_____
> Margret M. Caruso
> Attorneys for Google Inc.

ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM
AGAINST FLOWBEE INTERNATIONAL. INC et al