Flowbee International, Inc. et al v. Google, Inc.                                                                                                                          Doc. 42 Att. 1

Case 4:10-cv-00668-LB   Document 42-2   Filed 02/18/10   Page 1 of 18
Case 2:09-cv-00199-LB   Document 38   Filed 02/18/10   Page 1 of 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FLOWBEE INTERNATIONAL, INC., *et al*, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-09-199 |
| § | |
| GOOGLE, INC., § § | |
| Defendant. § | |

# ORDER

On this day came on to be considered Defendant Google Inc.'s motion to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a) or § 1404(a). (D.E. 11.) After hearing oral argument from counsel and for the reasons set forth below, the Court hereby DENIES Defendant's motion to dismiss this case for improper venue and the Court hereby GRANTS Defendant's alternative motion to transfer this case pursuant to 28 U.S.C. § 1404(a). (D.E. 11.)

## I.   Jurisdiction

This Court has federal question subject matter diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the action arises in part under the Lanham Act, 15 U.S.C. § 1114.

## II.   Factual Background

Plaintiffs Flowbee International, Inc. and Flowbee Haircutter L.P. (collectively, "Flowbee") manufacture vacuum haircutters worldwide. Flowbee sells its goods primarily over the Internet. (D.E. 1, p. 6.)

Defendant Google, Inc. owns and operates an Internet search engine, which, in response to user queries, displays listings of websites generated from a database of websites using an algorithm. (D.E. 1, p. 2.) Google's search results display both what Plaintiff calls "natural" or "organic" results and also advertisements labeled "Sponsored Links." (D.E. 1, p. 2, 9.)

According to Flowbee, Google allows advertisers who contract with Google to select certain "keywords" that will trigger a Sponsored Link to the advertiser's chosen website. (D.E. 1, p. 15.) Advertisers agree to pay Google each time a web user clicks on the keyword-targeted Sponsored Links. (Id.) Flowbee alleges that Google purposely sponsors websites for its "Sponsored Links" section that infringe on Flowbee's trademarks. (D.E. 1, p. 14.) Further, Flowbee contends that Google improperly permits advertisers to select proprietary terms as keyword triggers. (D.E. 1. p. 15.)

In March 2004, the President of Flowbee, Rick Hunts, sent a "cease and desist" letter to Google "complaining of Google's improper use of a trademark owned by Flowbee and demanding that Google cease and desist its improper use of the trademark." (D.E. 24, Ex. 2, p. 3.)

Also in March 2004, Flowbee itself entered into an advertising contract with Google in order to participate in Google's advertising program. (D.E. 11, p. 2; D.E. 24, p. 1; D.E. 24, Ex. 2, p. 3.) The terms of this contract were revised on February 2007. (D.E. 24, Ex. 2, p. 3.) The revised contract states:

> **Introduction.** The following sections set forth the terms and conditions ("Terms") that govern your participation in Google's AdWords Select Advertising Program.

The contract also contained the following forum selection clause:

> **Miscellaneous**. THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES. ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS.

(D.E. 11, Ex. 2, p. 6)

### III.    Procedural Background

Flowbee sued Google on August 13, 2009, alleging that Google unlawfully "sold to third parties the 'right' to use the trademark and service mark of Flowbee … as 'keyword' triggers that cause paid advertisements … to appear above or alongside the 'natural results.'" (D.E. 1, p. 2) Flowbee accordingly sued Google for trademark infringement, contributory trademark infringement, false representation, and trademark dilution under the Lanham Act, 15 U.S.C. § 1114 et al. Flowbee also sued Google for trademark infringement, unfair competition and misappropriation under Texas state law. (D.E. 1.)

Google brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406 or § 1404. In its motion to dismiss, Google argues that the forum selection clause in the contract between Flowbee and Google requires the present action to be "litigated exclusively in the federal or state courts of Santa Clara County, California, USA." (D.E. 11, p. 2)

IV. Analysis

    A. Motion to dismiss under 12(b)(3)

A party may move to dismiss an action based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). See also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") However, "[t]he majority of courts which have considered the issue have held that when a federal court is the agreed forum under an enforceable forum selection clause the proper way to enforce such a clause is through a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), and not a motion to dismiss for improper venue pursuant to Rule 12(b)(3) and § 1406(a). Ellington Credit Fund, Ltd. v. Select Portfolio, 2007 WL 3256210 at *4 (W.D. Tex. 2007) (citing Southeastern Consulting Group, Inc., 387 F.Supp.2d at 684; Speed v. Omega Protein, Inc., 246 F.Supp.2d 668, 671 (S .D.Tex.2003); Wal-Mart Stores, Inc. v. Qore, Inc., 2007 WL 2769835 at *2 (N.D.Miss. Sept. 20, 2007); Canvas Records, Inc. v. Koch Entertainment Distribution, LLC, 2007 WL 1239243 at * 5 (S.D. Tex. April 27, 2007); Gutermuth Investments, Inc. v. Coolbrands Smoothies, 2006 WL 2933886 at * 3 (W.D.Tex. Oct. 11, 2006); Youngblood, 2006 WL 1984656 at * 3; Dorsey v. Northern Life Ins. Co., 2004 WL 2496214, at *9 (E.D.La. Nov. 5, 2004)); see also Canales v. Telemundo, 2008 WL 110446 (S.D. Tex. 2008.) ("This Court has held that "the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through § 1404(a) ....") (citations omitted); Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F.Supp.2d 681, 683-84 (S.D. Miss. 2005) ("The vast majority of [Fifth Circuit district

courts] have … decide[d] that a motion to dismiss for improper venue, either under § 1406 or Rule 12(b)(3), is inappropriate when a motion to transfer venue pursuant to § 1404 is an alternative.")  "Because [Defendant] moved to dismiss this case based on a forum selection clause designating another federal court as the agreed forum, the Court finds that the proper procedure for enforcing the clause is through a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), and not a motion to dismiss for improper venue pursuant to Rule 12(b)(3)."  Accordingly, this Court will analyze Google's motion to transfer venue under § 1404. <u>Ellington Credit Fund, Ltd. v. Select Portfolio</u>, 2007 WL 3256210 at *4 (W.D. Tex. 2007); see <u>Southeastern Consulting Group, Inc. v. Maximus, Inc.</u>, 387 F.Supp.2d 681, 683-84 (S.D. Miss. 2005) ("[W]hether a forum-selection clause should be enforced is a matter of contract, not an issue of proper venue.") (citing <u>Kerobo v. Southwestern Clean Fuels, Corp.</u>, 285 F.3d 531, 535 (6th Cir. 2002)).  In order to analyze Google's § 1404 motion to transfer, the Court must first analyze the forum selection clause at issue in this matter. <u>Gutermuth Investments, Inc. v. Coolbrands Smoothies</u>, 2006 WL 2933886 at *2 (W.D. Tex. 2006) ("When a forum selection clause forms the basis of a motion to … transfer venue, the first step is for the Court to determine whether the clause applies to plaintiffs' claims.")

      **B.**      **The forum selection clause covers Plaintiff's claims**

"In determining whether the forum selection clause applies in this case, the court first considers whether [Plaintiff's] claims fall within the scope of the clause, and it then turns to whether the clause is enforceable under the instant circumstances." <u>TGI Fridays Inc. v. Great Northwest Restaurants</u>, 2009 WL 2576374 at *5 (N.D. Tex. 2009).  In other words, the Court "must first determine 'whether the clause applies to the type of claims

Case 4:09-cv-00668-LB Document 38 Filed 02/18/10 Page 6 of 18

asserted in the lawsuit.'" Braspetro Oil Servs. Co.-Brasoil v. Modec (USA), Inc., 240 Fed.Appx. 612, 616 (5th Cir. 2007) (quoting Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997.)) To do this, the Court must "look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998.) The court must "examine[] the language of the forum-selection clause with a common-sense view of the causes of actions to determine whether the clause was broad enough to cover [the claims]." Ginter ex. rel. Ballard v. Belcher, Prendergast, 536 F.3d 439, 444-45 (5th Cir. 2008)

By its plain language, the contract's forum selection clause applies to "all claims arising out of or relating to this Agreement or the Google Program(s)" (D.E. 11, Ex. 2, p. 6) "Forum selection clauses covering claims 'relating to' an agreement are broad in scope." TGI Fridays Inc. v. Great Northwest Restaurants, 2009 WL 2576374 at *5; see MaxEn Capital, LLC v. Sutherland, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009); and Greer v. 1-800-Flowers.com, Inc., 2007 WL 3102178 (S.D. Tex. 2007) (applying the forum selection clause broadly to encompass claims arising out of a telephone order even though the forum selection clause came from the defendant's website because the forum selection clause was broadly worded to include "any 'claim *relating to* this Web Site' or its content.") (emphasis added). Here, the language of the forum selection clause covers not only claims related to the agreement, but also claims related to the Google Programs. (D.E. 11, Ex. 2, p. 6.) The "Google Programs" are defined within the contract to mean "Google's advertising program(s)." (D.E. 11, Ex. 2, p. 4.) Within Flowbee's complaint, each allegation of Google's wrongdoing is premised on Google's advertising programs.

Plaintiff alleges the following in its complaint: the "natural results" on Google are "influenced by advertising (D.E. 1, p. 10); "Google specifically sponsors complete websites that contain Flowbee's trademark … as advertising agents (D.E. 1, p. 13); the 'Sponsored Links' is … substantially influenced by the amount of money the sponsors of these links are willing to pay Google (D.E. 1, p. 13); "Google … falsely communicates to consumers that Google's advertisers are official Flowbee affiliates, or that Flowbee sponsors … Google's advertisements (D.E. 1, p. 13); "Google disclaims responsibility for the advertisements that it publishes (D.E. 1, p. 17); Google makes "infringing use of proprietary marks as part of its keyword-triggered advertising program (D.E. 1, p. 18). Plaintiff's complaint thus makes clear that Plaintiffs claims all relate to Google's advertising programs. (D.E. 1.) Because they each relate to Google's advertising programs, Flowbee's claims all fall within the purview of the forum selection clause.

The forum selection clause specifies that these claims "shall be litigated exclusively" in California state or federal court. (D.E. 11, Ex. 2, p. 6.) As such, the forum selection clause is mandatory. See Park Place LX of Texas, Ltd. v. Market Scan, 2004 WL 524944 (N.D. Tex. 2004) ("The phrase 'shall have exclusive jurisdiction' [in a forum selection clause] makes the clause mandatory and not permissive.") See Von Graffenreid v. Craig, 246 F.Supp.2d 553, 560 (N.D.Tex.2003) ("Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory.") (citing Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir.1997)); Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763-64 (9th Cir.1989); First Nat'l of N. Am., LLC v. Peavy, No. 3-02-CV-0033-R, 2002 WL 449582, at *1 (N.D.Tex. Mar.21, 2002).

Case 4:10-cv-00668-LB Document 42-2 Filed 02/18/10 Page 8 of 18

Given both the broad scope of the "relating to" language and the mandatory nature of the "shall be litigated exclusively" language, Flowbee's claims against Google are all subject to the forum selection clause. Flowbee nonetheless makes three arguments for why the forum selection clause does not apply to Plaintiff's current claims. Each argument is addressed below.

> **i.  The claims need not depend on the existence of the contractual relationship between the parties in order to fall under the purview of the forum selection clause**

Plaintiff argues that the forum selection clause does not apply to Plaintiff's claims because the claims do not depend on any contractual relationship between Flowbee and Google. (D.E. 24, p. 8.) Plaintiff's argument lacks merit. "The scope of a forum-selection clause is not necessarily limited to claims for breach of the agreement in which the clause is found. See [Marine Chance Shipping v. Sebastian, 143 F.3d 216, 222-23 (5th Cir. 1998)].; see also Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir.1993) (noting there is "ample precedent" that the scope of a forum-selection clause is not restricted to claims for breach of the contract containing the clause). Instead, a court "must look to the language of the parties' contract[ ]" to determine whether a cause of action is governed by a forum-selection clause. Sebastian, 143 F.3d at 222." Dos Santos v. Bell Helicopter Textron, Inc. Dist., 2009 WL 2474771 *8 (N.D. Tex. 2009)

In defense of its argument, Plaintiff sets forth three cases in which claims were found to be outside the scope of the forum selection clause at issue.[1] For the reasons set

---

[1] Plaintiff cites to a few other cases, but each of those are easily distinguishable. The first one, an unpublished district court case from the Eastern District of Virginia, is Rosetta Stone Ltd. v. Google, Inc., No. 1:09-cv-736 (E.D. Va. Sept. 21, 2009). In Rosetta Stone, the court specifically noted that it was not bound by Fifth Circuit law. (D.E. 26, Ex. 3, p. 24.) This Court is. Accordingly, Plaintiff's reliance on this case is entirely misplaced. Similarly, Plaintiff, in a footnote, cites to three other cases, also from other circuits. Not only are those courts bound by different case law, but each of those three cases involve materially more restrictive forum selection clauses, thus rendering them inapplicable to the present case.

forth below, however, each of these three cases is entirely inapplicable to the present case.

The first case Plaintiff cites is an unreported district court case, discussing a forum selection clause that was limited to "any action commenced *hereunder*." Gullion v. JLG Serviceplus, Inc., 2007 WL 294174 at *6 (S.D. Tex. 2007) (emphasis added). In Gullion, the court cites to the second case, an Eighth Circuit case, which explains that "[the word] '[h]ereunder' refers to the relations that have arisen as a result of *this contract*." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 668, 694 (8th Cir. 1997) (emphasis added). Indeed, "'hereunder' typically signifies 'under the agreement'…." Terra, 119 F.3d at 692. Because the forum selection clause in the present case is not limited to actions arising "hereunder," neither Gullion nor Terra, nor any other case concerning a forum selection clause limited to claims arising "hereunder," is applicable to the present case.[2]

The third case Plaintiff cites, an unpublished Fifth Circuit case, is similarly inapplicable. In that case, American Airlines sued Yahoo! Inc. in the Northern District of Texas for trademark, misappropriation, and tort violations. In re Yahoo!, 313 Fed.Appx. 722 (5th Cir. 2009). Yahoo! moved to transfer the case to California pursuant to a forum selection clause written by Yahoo! that read:

---

See Manetti-Farrow v. Gucci America, 858 F.2d 509, 510 (9th Cir. 1988) (considering a forum selection clause that applied only to claims "regarding interpretation or fulfillment" of the contract); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 193 (3d Cir.) (considering a forum selection clause that applied only to claims about the contract "conditions."); and Lambert v. Kysar, 983 F.2d 1110, 1112 (considering a forum selection clause that applied only to "enforce[ment]" of "the terms and conditions" of the contract).

[2] In fact, the Gullion court specifically points out that "The forum selection clause – which applies to 'any action commenced hereunder' – is '*not worded as broadly as some forum selection clauses*." Gullion, 2007 WL 294174 at *6 (emphasis added). This is exactly why courts must "look 'to the language of the parties' contracts to determine which causes of action are governed by the forum selection clause[]." Id. (citing Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir.1998)).

> … You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us.

Id. The district court denied Yahoo!'s motion to transfer, explaining that the forum selection clause "makes no mention that American's claims must be brought exclusively in a forum of Yahoo!'s choosing, only that American itself will submit to a California (or other designated) court's jurisdiction." American Airlines, Inc. v. Yahoo!, Inc., 2009 WL 381995 (N.D. Tex. 2009.) Yahoo!'s subsequent petition for the writ of mandamus was denied in an unpublished opinion by the Fifth Circuit, which held that the district court did not abuse its discretion. In re Yahoo! Inc., 313 Fed. Appx. 722 (5th Cir. 2009.) As with the other cases Plaintiff cites, the Yahoo! case is distinguishable from the present case on the basis of the forum selection clause language. As the district court noted, the Yahoo! forum selection clause did not require California to be the sole location in which American could bring its claims; it just required that American "submit" to the jurisdiction of a court designated by Yahoo!. Id. "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." City of New Orleans v. Mun. Admin. Servs., 376 F.3d 501, 504 (5th Cir.2004). Accordingly, the forum selection clause in the Yahoo! case was not mandatory. Id.

On the other hand, in the present case, the forum selection clause mandates that "all claims … relating to … the Google Program(s) *shall be litigated exclusively* in the federal or state courts of Santa Clara County…." (D.E. 11, Ex. 2, p. 6.) (emphasis added). "The phrase 'shall have exclusive jurisdiction' [in a forum selection clause] makes the clause mandatory and not permissive." Park Place LX of Texas, Ltd. v. Market Scan, 2004 WL 524944 (N.D. Tex. 2004) "Where the agreement contains clear language

showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." Von Graffenreid v. Craig, 246 F.Supp.2d 553, 560 (N.D.Tex.2003) (citing Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir.1997)); Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763-64 (9th Cir.1989); First Nat'l of N. Am., LLC v. Peavy, No. 3-02-CV-0033-R, 2002 WL 449582, at *1 (N.D.Tex. Mar.21, 2002). Accordingly, whereas the Yahoo! forum selection clause was not mandatory, the forum selection clause in the present case is. Plaintiff's reliance on the Yahoo! case to establish the inapplicability of the forum selection clause is therefore misguided.

### ii. The contract preamble does not limit the scope of the forum selection clause

Flowbee's second argument as to why the forum selection clause does not apply to Flowbee's claims concerns the preamble to the contract between Flowbee and Google. The preamble states, in pertinent part, that "[t]hese Terms govern Customer's participation in Google's advertising program(s)." Flowbee argues that this preamble language somehow limits the scope of the forum selection clause. Flowbee does not explain this argument, other than to say that the forum selection clause "does *not* apply to all matters concerning Google's AdWords Program, but is limited to matters concerning the 'Customer's participation in Google's advertising program.'" (D.E. 24, p. 10.)

The Court does not agree with Plaintiff's interpretation. The statement in the preamble that "the[ contract] terms govern Customer's participation in Google's advertising program[s]," is entirely consistent with the fact that the forum selection clause covers matters outside the Customer's participation in Google's advertising program. This is because, according to the preamble language, the contract terms "*govern* [Plaintiff's] participation in Google's advertising program(s)." (emphasis added).

11 / 18

In other words, the terms of the contract are not restricted by Flowbee's participation in Google's advertising programs; rather, Flowbee's participation in Google's advertising programs is restricted by the terms of the contract. (D.E. 24, p. 10.) See Black's Law Dictionary 824 (4th ed. 1968) (defining "govern" as "to direct and control the actions or conduct of")

Moreover, to read the preamble language as Plaintiff proposes, would negate the plain language of the forum selection clause. Such an interpretation would therefore be "unreasonable." Cautillo Independent School Dist. V. National Union, 99 F.3d 695, 706 (5th Cir. 1996) ("[A]n interpretation is unreasonable if it would strip a provision of meaning.") (citing Lafarge Corp. v. Hartford Casualty Ins. Co., 61 F.3d 389, 396 (5th Cir. 1995); Ideal Mut. Ins. Co. v. Last Days Evangelical Assoc., 783 F.2d 1234, 1238 (5th Cir. 1986)). Accordingly, Plaintiff's argument that the preamble should be read in such a way so as to ignore its plain language and negate the plain language of the forum selection clause is also without merit.

### iii. The forum selection clause applies to events occurring before contract was entered into

Plaintiff's third and final argument as to why the forum selection clause does not apply to Plaintiff's claims is that the forum selection clause cannot apply to claims that pre-date its execution. This argument is without merit. The forum selection clause at issue in this case specifically covers not only "all claims … relating to this agreement" but it also covers "all claims … relating to … the Google Program(s)." (D.E. 11, Ex. 2, p. 6.) Because the Google Programs were indisputably in effect before the execution of the agreement between Flowbee and Google, the scope of the forum selection clause covers claims pre-dating its execution. (D.E. 11, Ex. 2, p. 6.) Needless to say, Plaintiff's

12 / 18

reliance on authority analyzing forum selection clauses specifically limited in scope to the agreements in which they were contained is entirely misplaced.[3]

The idea that a contract clause can cover events prior to the execution of that clause is entirely unremarkable. Beneficial Nat. Bank, U.S.A. v. Payton, 214 F.Supp.2d 679, 688-89 (S.D. Miss. 2001.) (applying an arbitration clause to events occurring before the contract was entered into.) This is especially the case where, as here, there is an integration clause explaining that the contract "supersedes and replaces any other agreements, terms and conditions applicable to the subject matter hereof." (D.E. 11, Ex. 2, p. 6, ¶ 9.) Accordingly, Plaintiff's final argument as to why the forum selection clause does not apply to Plaintiff's claims is without merit.

### C. The forum selection clause is enforceable

Having determined that the forum selection clause applies to the claims alleged by Plaintiff in this case, the Court next determines whether the forum selection clause is enforceable. TGI Fridays Inc. v. Great Northwest Restaurants, 2009 WL 2576374 at *5 (N.D. Tex. 2009). ("In determining whether the forum selection clause applies in this case, the court first considers whether [Plaintiff's] claims fall within the scope of the clause, and it then turns to whether the clause is enforceable under the instant circumstances.")

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the

---

[3] Specifically, Plaintiff relies on the following three distinguishable cases: (1) Gullion v. JLG Serviceplus, Inc., 2007 WL 294174 at *6 (S.D. Tex. 2007) (in which the forum selection clause was limited to "any action commenced *hereunder*") (emphasis added); (2) Anselmo v. Univision Station Group, Inc., 1993 WL 17173 (S.D.N.Y. 1993) (in which the forum selection clause was limited to "litigation *relating to this Agreement*") (emphasis added); and (3) Armco Inc. v. North Atlantic Ins. Co. Ltd., 68 F.Supp.2d 330 (S.D.N.Y. 1999) (in which the forum selection clause was limited to claims connected "with *this Agreement*") (emphasis added). Given that each of these cases concerns a forum selection clauses that is tied to the agreement in which it is located, none of these cases are applicable to the present case.

circumstances." Braspetro Oil Servs. Co., 240 Fed. Appx. at 615 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, (1972). "Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear." UNC Lear Services, Inc. v. Kingdom of Saudi Arabia, 581 F.3d 210, 219 (5th Cir. 2009) (citing City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004)). "The party resisting application of the forum selection clause has a 'heavy burden of proof.' " Braspetro Oil Servs. Co., 240 Fed. Appx. at 615 (quoting M/S Bremen, 407 U.S. at 17); see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 592 (1991) (noting that the contracting party seeking to avoid the consequences of a forum selection clause bears "a heavy burden of proof.")  Here, Plaintiff disputes only the scope of the forum selection clause, not its enforceability.  The forum selection clause is thus enforceable.

**D.     Motion to transfer this case pursuant to 28 U.S.C. § 1404(a)**

Having determined that the forum selection clause applies to Plaintiff's claims and is enforceable, the Court must now consider whether to transfer this case to the designated forum pursuant to 28 U.S.C. § 1404(a). Canales v. Telemundo, 2008 WL 110446 (S.D. Tex. 2008.) ("'the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through § 1404(a) ....'") (citations omitted). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer." In re Volkswagen of America, Inc., 545 F.3d 304, 311 (5th Cir. 2008).

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the Northern District of California. In re Horseshoe Entertainment, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("[T]he first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.") Here, Google's headquarters as well as the documents relating to Google's advertising programs are located in the Northern District of California. (D.E. 26, Ex. 4, Decl. R. Hagan.) Moreover, Plaintiff does not dispute that this the case might have been brought in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2). (D.E. 24, p. 13; D.E. 33, p. 9; 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."). This case thus might have been brought in the Northern District of California.

Accordingly, this Court must analyze the "private and public factors" to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008.) The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004.) The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id. Although these factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover … 'none … can be said to be of dispositive weight.'" Id. citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).

"In addition to the traditional factors, the Court in the instant action must also take into consideration the forum selection clause." Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F.Supp.2d 681 (S.D. Miss. 2005). "The presence of a forum-selection clause …figures centrally in the district court's calculus [in] resol[ving] the § 1404 motion in this case." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988).

### i.     Private interest factors

The private interest factors weigh in favor of transferring the case. Google's headquarters are located in the Northern District of California whereas Flowbee's headquarters are located in the Southern District of Texas. (D.E. 26, Ex. 4, Decl. R. Hagan; D.E. 1, p. 4.) Both parties have presented evidence that it would be more convenient for them to litigate in the district in which they are headquartered, given the location of witnesses and other evidence. (D.E. 26, Ex. 4, Decl. R. Hagan; D.E. 24, Ex. 2, Decl. R. Hunts.) Whether this case is litigated in the Northern District of California or in the Southern District of Texas, "both parties have equally compelling interests in having the case heard in the venue closest to them." U.S. v. Ross Group Const. Corp., 2007 WL 3119691 at *5 (W.D. Tex. 2007) However, "the addition of the valid forum selection clause tips the scales in favor of transferring the case to the United States District Court for the Northern District of [California.]" Id. Elliot v. Carnival Cruise Lines, 231

F.Supp.2d 555, 561 (S.D. Tex. 2002) ("The forum-selection clause 'provides some indication that the convenience of the parties would presumably be better served by transfer' to [California.]") (citing LaFargue v. Union Pacific R.R., 154 F.Supp.2d 1001 (S.D. Tex. 2001)). Accordingly, the private interest factors weigh in favor of transferring the case to the Northern District of California.

### ii. Public interest factors

The public interest factors are neutral with respect to transferring the case. Plaintiff presents some evidence that the Southern District of Texas would be a better venue in that the Northern District of California is a more congested district, and that, in addition to federal law claims, Plaintiff has brought claims under Texas state law. (D.E. 24, Ex. E; D.E. 1.) Both of these facts would tip in favor of not transferring the case under the public interest factors. However, Defendant presents evidence that the Northern District of California would be a better venue in that the contract specifically states that it is "governed by California law except for its conflicts of laws principles." (D.E. 11, Ex. 2, p. 6.) Accordingly, when viewed altogether, the public interest factors are neutral.

Given that the public interest factors are neutral and the private interest factors weigh in favor of transferring the case, especially in light of the valid, enforceable forum selection clause requiring all claims to be litigated in federal or state court in Santa Clara, California, this Court finds that this case should be transferred to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). U.S. v. Ross Group Const. Corp., 2007 WL 3119691 (W.D. Tex. 2007) ("The presence of the forum-selection clause, while not dispositive, does represent the parties' agreement as to the most proper forum, and should

be a significant factor that figures centrally in the district court calculus.") (citing <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)

**V.  Conclusion**

For the reasons set forth above, the Court hereby DENIES Defendant's motion to dismiss this case for improper venue. (D.E. 11.) The Court hereby GRANTS Defendant's alternative motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. (D.E. 11.) It is therefore ORDERED that this matter be TRANSFERRED to the Northern District of California.

SIGNED and ORDERED this 8th day of February, 2010.

_____
Janis Graham Jack
United States District Judge